**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 12-10379 |
| Plaintiff-Appellee, | D. Ct. No. 4:11-cr-03579-RCC-DTF |
| v. | |
| MARIA SANCHEZ-EQUIHUA, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Arizona
Raner C. Collins, District Judge, Presiding

Argued and Submitted September 10, 2013
San Francisco, California

Before: SCHROEDER and BYBEE, Circuit Judges, and TIMLIN, Senior District Judge.[**]

Appellant Maria Sanchez-Equihua appeals her conviction by jury trial for possession of a firearm and ammunition by an illegal alien in violation of 18 U.S.C. §§ 922(g)(5)(A) and 924(a)(2). We affirm. On appeal, Sanchez-Equihua

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The Honorable Robert J. Timlin, Senior District Judge for the U.S. District Court for the Central District of California, sitting by designation.

argues (1) that the district court erred by refusing to suppress certain statements she made prior to her arrest on the ground that the statements were spontaneous, as she asserts they were in fact obtained as a result of conduct and/or statements by police officers that were functionally equivalent to interrogation, and (2) that the district court erred in refusing her request for a jury instruction on the innocent possession of firearms, although she acknowledges that this contention is foreclosed by Ninth Circuit precedent.

1. This court reviews *de novo* a district court's denial of a motion to suppress, while the district court's factual findings are reviewed for clear error. *United States v. Pope*, 686 F.3d 1078, 1080 (9th Cir. 2012) (quoting *United States v. Willis*, 431 F.3d 709, 713 n.3 (9th Cir. 2005)). The test for whether governmental conduct constituted the functional equivalent of interrogation is whether the police knew or should have known that their words or conduct would likely elicit an incriminating response. *See Rhode Island v. Innis*, 446 U.S. 291, 301 (1980); *see also United States v. Foster*, 227 F.3d 1096, 1103 (9th Cir. 2000) ("The standard for determining whether an officer's comments or actions constitute the 'functional equivalent' of interrogation is quite high . . . .") (citation omitted). Here, the undisputed facts are that Sanchez was outside on the landing, when a detective inside the apartment made a comment about having found a shotgun.

This comment was not designed to invite a response or encourage Sanchez to make an incriminating remark, as it was not made directly to her or even in her presence. *Innis*, 446 U.S. at 302-03. There is nothing in the record to suggest that Sanchez was peculiarly susceptible to comments such as these, or that the detective should have known that such a comment made outside her presence would elicit an incriminating statement. *Id.* at 303; *United States v. Thierman*, 678 F.2d 1331, 1337 (9th Cir. 1982). Therefore, we affirm the district court's partial denial of her motion to suppress and the denial of her motion *in limine* on the same ground, which resulted in the admission at trial of Sanchez's statement that she had a gun after she overheard the detective's comment.

2.      The question of whether a proposed jury instruction is supported by the law is reviewed *de novo*. *Hunter v. Cnty. of Sacramento*, 652 F.3d 1225, 1232 (9th Cir. 2011). As acknowledged by Sanchez, this issue is foreclosed by our decision in *United States v. Johnson*, 459 F.3d 990, 994-96 (9th Cir. 2006). Therefore, we affirm the district court's decision not to give the requested innocent possession jury instruction. *See Hart v. Massanari*, 266 F.3d 1155, 1171 (9th Cir. 2001).

The judgment of the district court is **AFFIRMED.**